UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| FIRST MISSOURI BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16 CV 5 CDP |
| | ) | |
| CHICAGO TITLE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff First Missouri Bank filed this case in the Circuit Court of Linn County, Missouri, alleging breach of contract. After defendant Chicago Title Insurance Company timely and properly removed the case on the basis of diversity jurisdiction, plaintiff sought to add a non-diverse party and remand the matter to state court. In the alternative, plaintiff sought transfer to the United States District Court for the Western District of Missouri. Having fully reviewed the parties' briefs and considered their arguments, I will deny all the plaintiff's motions and will set this case for a scheduling conference.

## **Discussion**

In this case plaintiff seeks to recover under a title insurance policy. Plaintiff does not dispute that the case was properly removed to this court. Plaintiff is a citizen of Missouri and defendant is a citizen of Nebraska and Florida; the amount

in controversy exceeds $75,000.  Plaintiff's original petition sued only Chicago Title Insurance Company, and alleged, among other things, that Chicago Title was the successor in interest to TICOR Title Insurance, which had issued the title insurance policy at issue.  The petition alleged that Community Land Title "was a small agency that generated policies on behalf of the Defendant. On information and belief, Community Land Title has gone out of business, and is no longer operating as a going concern."

After defendant removed the case, plaintiff filed a "Motion for Joinder" seeking to add Community Title, who is a Missouri Citizen, as a defendant.  It also filed a "Motion to Remand to State Court/Alternative Motion to Transfer Venue to Western District of Missouri."   In its reply brief in support of the motions plaintiff provided, for the first time, its proposed amended petition.

Plaintiff's original petition alleges that Chicago Title breached the title insurance policy by failing to pay a valid claim, and seeks damages, specific performance, additional damages for vexatious refusal to pay, and a declaratory judgment.  The proposed amended petition changed almost nothing of the substantive allegations, but omitted the allegation that Community Title was no longer in operation.  The proposed amended complaint sometimes, but not always, changed the word "defendant" to "defendants," but it did not allege that Community Title was anything other than a broker.  It continues to allege that the

title policy at issue was issued by TICOR, to whom Chicago Title is the successor in interest.

Under 28 U.S.C. § 1447(e), a court may deny joinder if after removal a plaintiff seeks to jon additional defendants whose joinder would defeat diversity jurisdiction. The addition of this non-diverse defendant would defeat diversity jurisdiction. There is no evidence or indication that it is a defendant who must be joined if feasible under Rule 19, Fed. R. Civ. P. Defendant Chicago Title has admitted that it is a successor in interest to TICOR, who issued the title policy at issue in the case, and so any relief to which plaintiff is entitled can be accorded among the existing parties. I will therefore deny the motion for joinder and the motion to remand.

I will also deny the motion to transfer venue. Plaintiff chose to file suit within the Eastern District of Missouri. Now that it is in federal court, it apparently prefers the Western District of Missouri to this Court, but that is an insufficient reason to transfer venue under 28 U.S.C. § 1404 (a). As plaintiff itself alleged, its own principal place of business is within the Eastern District of Missouri. Plaintiff has not provided any basis for granting the motion to transfer, and I will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand or alternative

motion to transfer [7] and its motion for joinder [9] are denied.

By separate order this case will be set for a telephone Rule 16 scheduling conference.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2016.